

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| LARRY JAMES TYLER,<br>　　　　Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 9:13-3181-MGL-BM<br>§ |
| WILLIE EAGLETON<br>and BRIAN STIRLING,<br>　　　　Defendants. | §<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING PLAINTIFF'S ACTION

　　　　This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendants' motion for summary judgment be granted and Plaintiff's action be dismissed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

　　　　The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 27, 2014, and the Clerk of Court entered Plaintiff's objections with his attached "Affidavit" on September 16, 2014. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff is a state inmate at the Evans Correctional Institution in Bennettsville, South Carolina. In his § 1983 action, Plaintiff complains that (1) Defendants were deliberately indifferent to his serious medical needs; (2) Defendants are responsible for a policy that wrongly requires Plaintiff to pay for his medications; (3) Defendants denied Plaintiff access to the court; (4) Defendants failed to provide Plaintiff with a prison job; (5) Defendants did not allow Plaintiff enough time for outside recreation; and (6) the grievance system at the prison is defective. Defendants filed a motion for summary judgment that, as noted above, the Magistrate Judge suggests that the Court grant.

In Plaintiff's objections to the Report, he generally makes the same arguments that the Magistrate Judge has already considered and rejected. And, for the most part, Plaintiff's "Affidavit" is nothing more than a recitation of the same contentions. Because the Court agrees with the Magistrate Judge's treatment of these issues, it will not repeat the analysis here.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Defendants' motion for summary judgment is **GRANTED** and Plaintiff's case is **DISMISSED**. All other pending motions are **MOOT**.

**IT IS SO ORDERED**.

Signed this 19th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

3